IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

RYAN CHEONG,

        Plaintiff,

v.                                 No. _____

LANDSOWNE PUB OF ROSEMONT LLC
D/B/A FIVE ROSES PUB;        **JURY TRIAL DEMANDED**

        Defendant.

## COMPLAINT AT LAW

Plaintiff, RYAN CHEONG, by and through his attorneys, GOLDBERG WEISMAN & CAIRO, LTD., hereby files the following Complaint at Law against Defendants, as captioned follows:

### I.    NATURE OF ACTION

1. This is an action for damages against Defendant, LANDSDOWNE PUB OF ROSEMONT LLC DBA FIVE ROSES PUB (hereinafter referred to as "Five Roses") for its unlawful discrimination on the basis of disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended ( "ADA" ).

### II.    JURISDICTION AND VENUE

2. This Court has original jurisdiction over all counts within this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 42 U.S.C. § 2000e-5(f)(3) (right to civil action under Title VII), 42 U.S.C. § 12117(a) (right to civil action under the ADA).

3. The unlawful employment practices described herein were committed within the State of Illinois, in the place of Plaintiff's employment, located at 5509 Park Place, Rosemont, Illinois. Accordingly, venue in the Eastern Division of the U.S. District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

4. On July 10, 2017, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC") against Defendant, substantially describing the facts recited herein and which is incorporated by reference.

5. On September 25, 2018, the EEOC issued a Dismissal and Notice of Rights, a copy of which is attached as Exhibit A. This Complaint was filed within ninety days of Plaintiff's receipt of the Dismissal and Notice of Rights from the EEOC.

6. Plaintiff has satisfied all conditions precedent to pursuing his claims under ADA.

7. At all times relevant, Defendant employed more than 50 employees within 75 miles of Plaintiffs location of employment in Rosemont, Illinois.

### III.    THE PARTIES

8. The Plaintiff, RYAN CHEONG, at all times material is a resident of Cook County, State of Illinois.

9. The Defendant employed the Plaintiff on and off from 2014 to present.

10. At all times relevant, Plaintiff was an "employee" within the meaning 29 U.S.C. § 2611(2)(A).

11. The Defendant, LANDSDOWNE PUB OF ROSEMONT LLC D/B/A FIVE ROSES PUB, is a corporation that operates as a Restaurant and Pub in the Village of Rosemont, County of Cook, State of Illinois

12. At all times relevant, FIVE ROSES PUB was Plaintiff's "employer" within the meaning of 29

U.S.C. § 2611(2)(A).

## IV. APPLICABLE LAW

13. The Americans with Disabilities Act of 1990, *as amended,* states in relevant part:

SEC. 12101.

(a) Findings. - The Congress finds that-

(1) physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination;

SEC. 12102. – Definitions:

(1) Disability. - The term "disability" means, with respect to an individual-

(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment (as described in paragraph (3)).

(2) Major life activities

A) In general

For purposes of paragraph (1), major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

(B) Major bodily functions

For purposes of paragraph (1), a major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

(3) Regarded as having such an impairment

For purposes of paragraph (1)(C):

(A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

14. The Americans with Disabilities Act then goes on to discuss the issue of discrimination:

SEC. 12112.

(a) General rule. - No covered entity shall discriminate against a qualified individual **on the basis of disability** in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

## V.    FACTUAL ALLEGATIONS

15. Plaintiff began working for FIVE ROSES PUB on and off for the last five years. Plaintiff's last position with Defendant was Bus Boy.

16. Throughout his employment with Defendant, Plaintiff's job performance was satisfactory.

17. Since Plaintiff's birth, he has had significant cognitive impairments. These impairments seriously impact his daily life activities. Consequently, Plaintiff lives with his parents, Randolph and Cheryl Cheong, and they work as a team in managing his concerns.

18. Plaintiff's impairments have been defined as a disability under the Americans with Disabilities Act of 1990, *as amended*, in that it is a physical impairment that substantially limits one or more major life activities.

19. Throughout the relevant times working for Respondent, Plaintiff's direct supervisors was a man named Rafael "Rafi" Marquez. He was the Executive Chef of the Restaurant (hereinafter referred to as "Chef Marquez").

20. Chef Marquez has treated Plaintiff differently that similarly situated employees who are not disabled. Some examples are: not giving Plaintiff help when he asked for it, calling Plaintiff names in front of other employees and sending Plaintiff home early from scheduled shifts and then having other bus boys come in to finish Plaintiff's shift.

21. When Plaintiff and his family spoke to Chez Marquez about this unequal treatment, Chef Marquez responded by calling Plaintiff "lazy" or said he "doesn't think I can handle it".

22. Upon information and belief, on or about March 15, 2017, Respondent held a management meeting. Some of the people who attended were Chef Marquez and the Director of Operations John Galeno (hereinafter referred to as "Director Galeno").

23. Upon information and belief, at that meeting Director Galeno advised everyone that he wanted Plaintiff fired because he said Plaintiff was a "useless retard".

24. On or about April 7, 2017, Plaintiff's schedule was changed without explanation or notice. He was switched from nights to days and his hours were cut.

25. Additionally, Chef Marquez on a least two occasions, changed Plaintiff's schedule again without any notice to Plaintiff and then attempted to discharge Plaintiff for a "no call no show"

26. Defendants also hired other similarly situated bus boys who are not disabled. Even though they had less experience then Plaintiff, Defendant hired them at a higher hourly pay rate and gave them more the more lucrative night shifts, which used to be worked by Plaintiff.

27. Chef Marquez continued to discriminate against Plaintiff including telling his to "shut up" when Plaintiff asked for help and continued calling Plaintiff names in front of all the other bus boys.

28. Finally, on at least one occasion, Plaintiff was excluded from the bus boy tip pool by the other bus boys. When this matter was brought to Chef Marquez, he did not say or do anything to correct it.

29. Many of these actions are still continuing to this day and have made it very difficult for Plaintiff.

30. Plaintiff has complained to the management team at Five Roses as well, but they have failed to take adequate and appropriate action to remedy these issues.

## VI.   COUNT 1: VIOLATION OF ADA – DISCRIMINATION

31. Plaintiff restates and incorporates Paragraphs 1 through 30 as though fully set forth herein.

32. Defendant is an "employer" within the meaning of the ADA.

33. Plaintiff was an "employee" within the meaning of the ADA.

34. Plaintiff suffered from a disability within the meaning of the ADA.

35. Defendant perceived Plaintiff as a person suffering from a disability.

36. Defendant discriminated against Plaintiff by with unequal terms and conditions of employment due to his disability and/or the perception of his disability.

WHEREFORE, the Plaintiff, RYAN CHEONG respectfully requests that this Court enter an order as follows:

   A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of Title I of the ADA;

   B. Awarding Plaintiff back wages, front pay, and lost benefits due to Defendant's violation of Title I of the ADA;

   C. Awarding Plaintiff compensatory and punitive damages;

   D. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

6

E. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

Respectfully Submitted,

By: /s/    Dana N. Blumthal    .

Dana N. Blumthal
GOLDBERG WEISMAN & CAIRO, LTD.
One East Wacker Drive, 39th Floor
Chicago, Illinois 60601
Tel: (312) 464-1200
Fax: (312) 464-1212
dblumthal@gwclaw.com
Attorney ID: 6304619